Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 5/16/2000 |
| **CASE TITLE** | EEOC vs. Dial Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum and Order: Plaintiff's motion for reconsideration (73-1) is granted to the extent stated in this order. The minute order 4/18/00, (71-1) is reconsidered and is amended.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 4 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/16/2000 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) COMMISSION, ) ) Plaintiff, ) ) vs. ) ) DIAL CORPORATION, ) ) Defendant. ) | CIVIL ACTION NO. 99 C 3356 Judge Warren K. Urbom Magistrate Judge Levin |

**DOCKETED**
**MAY 2 4 2000**

## MEMORANDUM AND ORDER ON PLAINTIFF EEOC'S MOTION FOR RECONSIDERATION

The motion is to reconsider that portion of Judge Aspen's order of April 18, filing 71, which permits the defendant to file under seal its brief and supporting documents relating to its proposed motion for summary judgment and instructs EEOC to file its response under seal. In the conference by telephone that I had with counsel of both parties on April 28, 2000, it was reported without opposition that the parties did not appear before Judge Aspen and that the plaintiff did not have opportunity to respond to a motion, filing 69. This lack of opportunity probably was because it appeared that the parties had agreed to the disposition of filing 69. The motion resulting in Judge Aspen's order had with it a document titled "Stipulated Protective Order," which, indeed, had been stipulated to on December 1, 1999, but there was no stipulation for granting of filing 69, which was Defendant's Motion for Leave to File Summary Judgment Brief Exceeding 15 Pages and Summary Judgment Submissions Under Seal Pursuant to Existing Protective Order.

It therefore appears to me appropriate for a review of Judge Aspen's order and a change in it, if necessary.

Dial's motion submitted to Judge Aspen asserts:

> Dial's motion and supporting materials (and presumably EEOC's responsive submissions) reference to the identities of 101 current and former employees alleging sexual harassment, and dozens of current and former employees accused of harassment. The current stipulated protective order provides in part:
>
>> To the extent that Confidential Information is referred to in any pleading, motion or other paper or document filed with the Court, the parties shall redact any information (such as name and/or date or location) which would serve to identify the individual being discussed. In such event, the redacted version of the paper or



document shall be filed with the Clerk and an unredacted version of the submission shall be submitted to the Court under seal. *In the event that the redaction of identifying information would not be sufficient to conceal the identify (sic) of the person about whom Confidential Information refers, then the entire portion of the paper or document containing Confidential Information shall be filed under seal.*

(Emphasis added). Dial's brief and supporting materials of necessity refer to alleged harassers and alleged victims of harassment not only by name, but also by when they worked at Dial, their department, their shift, job title, salaried/hourly (supervisory or non-supervisory) status, etc. Consequently, under the existing protective order, because "The redaction of identifying information would not be sufficient to conceal the identity of the person about whom Confidential Information refers, then the entire portion of the paper or document containing Confidential Information shall be filed under seal."

I am persuaded that redacting the name, when the person worked at Dial, the person's department, shift, job title and status would assure inability to identify the person but that redacting less than that would not assure inability to identify the person. It has not been shown that redaction would be unnecessarily difficult. The Stipulated Protective Order dated December 1, 1999, anticipates such treatment. It says at paragraph 9:

> 9. <u>Pleadings and Other Court Submissions.</u> All exhibits containing Confidential Information that are attached to pleadings, motions or other documents shall be redacted so as not to disclose the identity of any alleged victim of sexual harassment, sex-based harassment or other sex-based discrimination, or the identity of any alleged perpetrator of sexual harassment, sex-based harassment or other sex-based discrimination. <u>To the extent that Confidential Information is referred to in any pleading, motion or other paper or document filed with the Court, the parties shall redact any information (such as name and/or date or location) which would serve to identify the individual being discussed.</u> In any event, the redacted version of the paper or document shall be filed with the Clerk and an unredacted version of the submission shall be submitted to the Court under seal. In the event that the redaction of identifying information would not be sufficient to conceal the identity of the person about whom Confidential Information refers, then the entire portion of the paper or document containing Confidential Information shall be filed under seal. (Emphasis added.)

The foregoing is in accordance with *In Re Associated Press*, 162 F.3d 503 (7th Cir. 1998), wherein it is said that:

> Although the Press has no right of access to discovery materials not yet admitted into the record, the district court must provide an explanation for its decision to seal material in its possession, and that explanation must be crafted in such a manner as to make meaningful appellate review possible. Furthermore, the district judge must find good cause for sealing any part of matters submitted to it, must find that the parties are acting in good faith and know the nature of the material that is problematic, and make it explicit that

either party and any interested member of the public can challenge the sealing of particular documents. *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999).

I cannot on the record before me make a finding that there is good cause for sealing any part of the materials in support of or opposition to the Defendant's Motion for Summary Judgment, except that material specifically identifying the persons about which information is given, whether by deposition or otherwise. It is true that the name, when he or she worked at Dial, the department, shift, job title, and supervisory or non-supervisory status of the person should be deleted and not made public, so that no identification can be made of persons whose reputation might be unfairly discredited if identification were made.

IT IS ORDERED that:

1. Plaintiff EEOC's Motion for Reconsideration, filing 73, is granted to the extent stated herein;

2. the Minute Order of April 18, 2000, filing 71, is reconsidered and now is amended insofar as it relates to summary judgment submissions under seal to read as follows:

   > The parties' summary judgment submissions shall not be filed or retained under seal, except that each document made a part of such a submission, whether in a brief, deposition, or otherwise, shall have redacted from it any information that would serve to identify the individual being discussed, including only that person's name, the dates when that person worked at Dial, his or her department, shift, job title, and supervisory or non-supervisory status;

3. if either of the parties has reason to believe that some feature of a particular document would be sufficient upon which to build an identification of the person, other than those features specified herein, it may be brought to my attention so that I can examine the document and determine whether some additional feature should be redacted or otherwise dealt with;

4. the persons about whom information is being provided may be identified by a code, whereby the court and the parties will be informed of the designation for a specific person, whereby only the court and parties become aware of that code; and

5. any interested member of the public may challenge the secreting of any particular

document not revealed in full.

Dated May 16, 2000.

BY THE COURT

*[signature]*
United States Senior District Judge