## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 4/1/2003 |
| **CASE TITLE** | EEOC vs. Dial Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion in limine to exclude evidence regarding unreported acts of coworker sexual harassment (Docs 337 and 347) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 389 |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIAL CORPORATION, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 99 C 3356 <br><br> MEMORANDUM AND ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING UNREPORTED ACTS OF COWORKER SEXUAL HARASSMENT <br><br> **DOCKETED** <br> APR 0 4 2003 |

This motion asks that I exclude from evidence at trial: any testimony or documentary exhibits relating to alleged acts of coworker harassment that were not reported to anyone in Dial management or human resources, were not otherwise made known to anyone in Dial management or human resources, and were not open and notorious so that it could be contended that Dial should have known of the alleged misconduct.

The plaintiff notes that in ruling on the Defendant's Motion for Summary Judgment, I said at note 16:

> In analyzing whether a hostile environment existed at the Aurora plant, I am not limited to considering only those incidents that were reported to management. *See e.g., Bremiller* 195 F.R.D. at 26 n.9 ("It is important to note that the fact that incidents were or were not reported is irrelevant to a determination of whether or not a hostile environment existed."

*EEOC v. Dial*, 156 F. Supp. 926, 950 n.16 (N.D. Ill. 2001).

The defendant argues that evidence is not inadmissible unless it was "open and notorious[1] so that it could be contended that Dial should have known of the alleged misconduct." I think that may be true with respect to drawing an inference that Dial must have known of it, but I do not think it to be an appropriate statement of the law with respect to whether a hostile environment existed. It seems to me that not all the elements of liability have to be shown by every piece of evidence; some pieces of evidence may prove one element and other pieces another. Ultimately, of course, the plaintiff must prove all.

---

[1] I think "openness" does have a place with respect to whether Dial should have known of the alleged misconduct, but I am not persuaded that "notorious" is appropriate.

389

IT IS ORDERED that the Defendant's Motion *In Limine* to Exclude Evidence Regarding Unreported Acts of Coworker Sexual Harssment, filings 337 and 347, is denied.

Dated April 1, 2003.

BY THE COURT

*[signature: Warren K. Urbom]*

Warren K. Urbom
United States Senior District Judge