# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 4/1/2003 |
| **CASE TITLE** | EEOC vs. Dial Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion in limine to exclude evidence of disciplinary records unrelated to allegations of sexual harassment (Docs 340 and 346) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 0 4 2003 | 390 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 99 C 3356 |
| Plaintiff, | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DISCIPLINARY RECORDS UNRELATED TO ALLEGATIONS OF SEXUAL HARASSMENT |
| vs. | |
| DIAL CORPORATION, | |
| Defendant. | |

DOCKETED
APR 0 4 2003

The defendant asks that numerous documents regarding the discipline of male employees be excluded from evidence on relevance and prejudice grounds. The defendant says that "EEOC's only purpose for introducing this evidence is to convince the jury that because these employees have been disciplined in the past, they are more likely to have engaged in inappropriate sexually harassing conduct."

The plaintiff denies that its purpose is to show that employees who have been disciplined in the past are more likely to have engaged in inappropriate sexually harassing conduct. The purpose, the plaintiff says, is to show that "Dial tolerated sexual harassment by treating sexual harassment less seriously than violations of other company policies." Using the four-part test of *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000), to determine the admissibility of other bad acts governed by Fed. R. Evid. 404(b), the plaintiff asserts that, therefore, the proof of the other acts is directed toward establishing a matter in issue other than the defendant's employees' propensity to commit like conduct; that the other acts are of recent vintage and sufficiently similar to be relevant to the matter in issue; that there is sufficient amount of evidence for the factfinder to conclude that the similar acts were committed; and that the probative value of the evidence is not outweighed by the danger of unfair prejudice.

In its Reply the defendant argues that the disciplinary records are not similar enough or close enough in time to demonstrate that Dial considered allegations of sexual harassment less worthy of documentation or discipline. I cannot determine from what is before me whether the timing is adequate. The plaintiff will need to use incidents occurring in the same general time period, but I cannot say that the documents targeted are not within acceptable time frames. A final decision of admissibility will have to be made at the trial, apparently. The defendant also says that EEOC is relying upon an unreliable assumption that Dial documented all incidents of company violations but failed to document all incidents of sexual harassment. That may be true, but we shall have to see what the evidence says about the documentation procedures. Dial also argues that the evidence will not support EEOC's argument that violations that were documented are not more severe than the violations of the sexual harassment policy. I, of course, cannot

390

know whether EEOC's evidence will support that argument, without hearing the evidence. Neither can I sustain a motion in limine on this subject without knowing much more about the intended evidence.

Lastly, the defendant argues that the documents should be excluded under Rule 403. It is true that EEOC may take considerable time to prove up the foundation and relevance of these documents, but I shall have to leave to EEOC to determine how to use its available time, just as I shall leave to Dial the matter of how to use its time.

Insofar as the purpose of the offer is concerned, the plaintiff has the better go of the arguments. Rule 404(b) allows admission of evidence if offered for other purposes than to prove a character of a person in order to show action in conformity therewith. Here, the plaintiff proposes to use the evidence for a key issue in the case, namely, tolerance of sexual harassment by having a practice of documenting violations of various company policies, and disciplining them for those violations, more often or differently from allegations of sexual harassment. That is an appropriate use of the proposed exhibits 104, 111, 113, 114, 119, 120, 121, 132, 133, 137, and 139.

IT IS ORDERED that the Defendant's Motion *In Limine* to Exclude Evidence of Disciplinary Records Unrelated to Allegations of Sexual Harassment, filing 340 and filing 346, is denied.

Dated April 1, 2003.

                              BY THE COURT

                              Warren K. Urbom
                              United States Senior District Judge