# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 4/1/2003 |
| **CASE TITLE** | EEOC vs. Dial Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion in limine to exclude evidence of sexually explicit materials never seen by Class Members during their employment (Docs 338 & 350) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 0 4 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 392 |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIAL CORPORATION, **DOCKETED** ) <br> ) <br> APR 0 4 2003 ) <br> Defendant. ) | CIVIL ACTION NO. 99 C 3356 <br><br> MEMORANDUM AND ORDER ON <br> DEFENDANT'S MOTION *IN LIMINE* <br> TO EXCLUDE EVIDENCE OF <br> SEXUALLY EXPLICIT MATERIALS <br> NEVER SEEN BY CLASS MEMBERS <br> DURING THEIR EMPLOYMENT |

In Filings 338 and 350 the defendant asks that certain sexually explicit materials "never seen by any class member during her employment" be excluded from evidence. The motion will be denied.

The targeted documents are (1) sexually oriented photographs, portions of Pl. Proposed Ex. 92; (2) certain comics and jokes, portions of Pl. Proposed Ex. 92; (3) notes from June 19, 1991, investigation, portions of Pl. Proposed Ex. 51; and (4) sexually explicit illustrations sent to Paul Jones, portions of Pl. Proposed Ex. 60. The request is that they all be excluded because the materials were never seen by any class member during her employment.

Even if these documents were not seen by any member of the class (although there appears to be a dispute about whether it is true that none of them was ever seen by a class member), that does not make them inadmissible in this practice-or-pattern case charging that the defendant had a plant-wide tolerance of sexual harassment. It is not only whether and how a company speaks *to women* but how a company speaks *to men about women* that may be enlightening on the tolerance issue. How men then treat women may reflect the impact of the environment created by the voices of the company, whether the women heard the voices or not.

The well-reasoned case of *Schwapp v. Town of Avon*, 118 F.3d 106 (2nd Cir. 1997), is persuasive that the motion must be denied. In the *Schwapp* case the court said:

> In ruling that Schwapp failed to establish a triable issue of material fact on his claim of a pervasive and continuance atmosphere of racial discrimination, the district court considered only the first four of the twelve incidents and excluded the affidavits of two former APD officers ... The district court appears to have reasoned that because only the first four incidents occurred *"in the plaintiff's presence,"* only those four are relevant to this action. ... The district court's failure to consider the totality of the circumstances in this case, *see Harris*, 510 U.S. at 23, 114 S. Ct. at 371, including its selective treatment of the evidence in the record, was in error and necessitates reversal.

*Id.* 111. *See* also *Hunter v. Allis-Chalmers Corp., Engine Div.*, 797 F.2d 1417, 1423-24 (7th Cir. 1986).

The defendant's reliance on the view that the cases cited in the plaintiff's response at paragraph 6 of page 5 acknowledge that alleged conduct must have been directed toward other women before it can be admissible (note 1 of the defendant's reply) is a mistaken view of the cited cases.

I have some uncertainty about the items referred to as "Material 'brought to Human Resources'" because I cannot be sure whether the documents (apparently D006572-77 of Pl. Proposed Ex. 60) were displayed anywhere in the workplace. However, the only ground for the objection, it appears, is that "there is no evidence that any class member ever saw these materials or was otherwise aware of these materials during her employment." (Defendant's Motion, p. 1). I do not see that the materials are either irrelevant for that reason or that their prejudice would outweigh their probative value.

IT IS ORDERED that the Defendant's Motion *In Limine* to Exclude Evidence of Sexually Explicit Materials Never Seen by Class Members During Their Employment, filings 338 and 350, is denied.

Dated April 1, 2003.

BY THE COURT

Warren K. Urbom
United States Senior District Judge

-2-