
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 4/1/2003 |
| **CASE TITLE** | EEOC vs. Dial Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion in limine to exclude evidence regarding the claims of a former manager at Dial's Omaha Plant (Docs 335 and 348) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | APR 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 394 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIAL CORPORATION, **DOCKETED**<br><br>Defendant. APR 0 4 2003 | CIVIL ACTION NO. 99 C 3356<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING THE CLAIMS OF A FORMER MANAGER AT DIAL'S OMAHA PLANT |

The defendant suggests that evidence of Ann Baines' charge of sexual harassment should be excluded pursuant to Federal Rules of Evidence 402 and 403. EEOC responds that the harassment of Ann Baines is relevant for three reasons: First, the harasser of Ann Baines was an employee at Aurora and is alleged to have harassed other women who were employed at Aurora. EEOC asserts that "the harassment Baines complained of occurred in Aurora." (EEOC's Response, p. 1). Second, EEOC says that Dial relies on handling of Ann Baines' charge as its basis for disciplining EEOC class member Mowris; and third, the individuals who investigated and who were involved in Baines' complaints are the same individuals who investigated and are involved in Aurora complaints.

I have studied at some length what the parties have presented as factual bases for their position, and I am persuaded that to the extent that the evidence of Baines' complaints and charge are relevant, they are only peripherally relevant and under Rule 403 should be excluded as being excessively time consuming with little or no probative value.

It is true, apparently, that the harasser of Ann Baines was an employee at Aurora at the time of the Baines' incident, but the incident did not happen "at Aurora." Aurora, as I understand it, is what the Dial plant in the City of Montgomery, Illinois (Defendant's Local Rule 56.1 Statement of Material Facts as to Which There is No Genuine Issue, ¶ 6); (Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts, ¶ 6); (Complaint, ¶ 4); (Amended Answer to Complaint, p. 2, as to Complaint No. 4) is called. The complaint of harassment by Baines occurred during a walk along the DesPlaines River in Naperville, Illinois, after a dinner. (Deposition of Richard W. Miller, March 9, 2000). Neither Baines nor Mowris was employed at the Aurora plant. Both were employed at the Omaha, Nebraska, plant. The persons responsible for investigating Baines' complaint were the plant manager and human resources manager at Dial's Omaha plant, not its Aurora plant. (Dial's Facts, ¶¶ 668-669). The issue in this case is the pattern or practice of tolerating sexual harassment at the Aurora facility, not the Omaha plant or elsewhere, yet the Baines' complaint and charge deal with the manner of disciplining persons employed in the Omaha plant for the manner in which they handle sexual

394

harassment charges. That has scant, if any, relevance to tolerating sexual harassment at the Aurora facility.

The evidence surrounding the Baines' matter, including how Kathryn Mowris handled the complaint, is bound to be extensive and time consuming with minimal persuasive value. I conclude that it should be excluded under Rule 403. Its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues, as well as considerations of undue delay and waste of time.

IT IS ORDERED that Defendant's Motion *In Limine* to Exclude Evidence Regarding the Claims of a Former Manager at Dial's Omaha Plant, filings 335 and 348, is granted.

Dated April 1, 2003.

BY THE COURT

Warren K. Urbom
United States Senior District Judge