Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 4/1/2003 |
| **CASE TITLE** | | EEOC vs. Dial Corp. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion in limine to exclude witnesses from testifying about allegations for which they have no personal knowledge (Docs 336 and 349) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 395 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIAL CORPORATION, **DOCKETED** ) <br> ) <br> Defendant. APR 0 4 2003 ) | CIVIL ACTION NO. 99 C 3356 <br><br> MEMORANDUM AND ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE WITNESSES FROM TESTIFYING ABOUT ALLEGATIONS FOR WHICH THEY HAVE NO PERSONAL KNOWLEDGE |

Rule 602 of the Federal Rules of Evidence says:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

The defendant's motion sets out some 22 statements that witnesses may make at trial but of which they have no personal knowledge and which, therefore, do not meet the requirements of Rule 402 or of the rule against hearsay.

Typical is one in which (Witness A) alleges that Gene Michaels slapped (Person B) on her buttocks. The defendant says that this allegation is premised on hearsay and that Witness A does not have personal knowledge of the incident. To that particular incident the plaintiff responds that the evidence is to be used "to establish the belief of the listener that harassment in the work place was widespread." (Plaintiff's Response, p. 4). Use of the evidence would seem to be appropriate if the listener's "belief" were relevant, because under Rule 803(3) a "statement of the declarant's then existing state of mind . . ." is not excluded by the hearsay rule. However, it is doubtful that the listener's state of mind is relevant at Phase I of this trial. The subjective state of mind of members of the plaintiff class, if it becomes relevant at all, will become relevant when the individual claims are heard.

Another recital of statements appearing at page 4 in note 2 of the Plaintiff's Response is argued by the plaintiff to be admissible, because they "could be used to show that hearing these statements provided a basis for the witness's belief that her work conditions were altered by pervasiveness of the harassment." But the key is not whether statements like that "could be used" but whether they are shown to have somehow affected in fact what the witness did or did not do or believed or did not believe. Not only must it be shown that the statements did affect

395

what the hearer did or did not do or believe, the plaintiff must show that such act or failure to act or belief or failure to believe is relevant to this case at the point that the evidence is offered. As with the example cited just previously, it is doubtful that the witness's belief that her work conditions were altered is relevant at Phase I of the trial.

Another group of incidents mentioned by the defendant has been responded to by the plaintiff's suggestion that they "could be used to show that hearing these statements provided a basis for the witness's belief that complaining would not be effective." (Plaintiff's Response, at p. 5 n. 3). Whether the plaintiff can show that hearing these statements did in fact provide a basis for that witness's belief that complaining would not be effective is not known nor argued. Hence, I cannot say that the various statements are admissible; neither can I say that they are not admissible. Admissibility will be determined by presentation of adequate evidence to show that there is sufficient foundation, that they tend to prove a matter at issue and that the statement is not hearsay.

When I deny, as I shall, the defendant's motion, it must be understood that I am not ruling that the evidence sought to be excluded is admissible. The decision of admissibility must be made at the trial.

IT IS ORDERED that the Defendant's Motion *In Limine* to Exclude Witnesses from Testifying About Allegations For Which They Have No Personal Knowledge, filings 336 and 349, is denied.

Dated April 1, 2003.

BY THE COURT

Warren K. Urbom
United States Senior District Judge