# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 4/2/2003 |
| **CASE TITLE** | EEOC vs. Dial Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion (Docs 341-1, 344-1 & 344-2) for reconsideration of the Court's denial of its motion in limine to exclude evidence of alleged harassment before 1991 and, alternatively, to exclude evidence that is not relevant background evidence, is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

Document Number: 396

date docketed: APR 0 4 2003

courtroom deputy's initials: SCT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIAL CORPORATION, **DOCKETED**<br><br>Defendant.     APR 0 4 2003 | CIVIL ACTION NO. 99 C 3356<br><br>MEMORANDUM AND ORDER<br>ON DEFENDANT'S MOTION FOR<br>FOR RECONSIDERATION OF THE<br>COURT'S DENIAL OF ITS MOTION<br>*IN LIMINE* TO EXCLUDE EVIDENCE<br>OF ALLEGED HARASSMENT BEFORE<br>1991 AND, ALTERNATIVELY, TO<br>EXCLUDE EVIDENCE THAT IS NOT<br>RELEVANT BACKGROUND EVIDENCE |

On February 14, 2003, I ordered that the trial would be conducted in a manner whereby the Phase I jury would consider punitive damages if a pattern and practice of tolerating sexual harassment is established. The defendant, asserting that that order "dramatically changes the significance of allowing pre-1991 evidence," asks that there be a reconsideration of my previous denial of its motion in limine to exclude evidence of alleged harassment before 1991, and, alternatively to exclude evidence that is not relevant background evidence. The plaintiff responds that I have resolved the same issue several times before. That is not entirely accurate, because in each instance the focus has been on the motion that was before me at the time and none required me to come to grips with what evidence is permissible, given my decision to have the Phase I jury decide an amount of punitive damages. The imminence of the trial and the present motion cause me now to do the best I can to help counsel know in advance of trial the strictures on evidence that I expect to have followed.

The defendant's position is that an order should be entered

> "excluding all evidence before November 21, 1991, because: (1) the prejudice that has resulted because of the lengthy passage of time as fully set out in support of Dial's June 13, 2002, motion *in limine*; (2) the fact that Dial would be severely prejudiced because the jury could not distinguish between pre-1991 evidence and post-1991 evidence to decide if a pattern or practice existed or in the event of a punitive damages hearing; (3) the fact that there was no right to a jury trial before November 21, 1991, so the jury cannot consider whether there was a pattern or practice before that date; and (4) a ruling at this point should substantially reduce the amount of evidence that the jury must consider and save considerable resources in the preparation and trial of this matter.

With respect to (1) I do sense that the defendant has and will suffer some prejudice from an inability to defend against testimony that covers a period long before November 21, 1991, the

396

date of The Civil Rights Acts of 1991 ("CRA"), which granted the right to a jury trial and the right to seek compensatory and punitive damages. (Declaration of Phyllis Fletcher, June 3, 2002). Finding documents describing what complaint procedures were in place at the Aurora facility prior to 1986 has been an impossibility. Some persons who worked in the human resources department at the Aurora facility in the late 1970's and 1980's have been found. Many former workers at the facility have been identified as having been terminated by transfer, resignation, retirement, or death, although whether they are unavailable for information is not fully covered. Thirty-three supervisors left Dial between July 1980 and the end of 1985; and forty-six supervisors left Dial in the period from 1986 through 1990. It seems to me that the year 1986 is a reasonable dividing line between persons and documents that may be available and ones no longer available.

As to (2), I am not convinced that Dial would be severely prejudiced "because the jury could not distinguish between pre-1991 evidence and post-1991 evidence." Precautions could be taken, so that pre-1991 evidence would have to be presented together, rather than sprinkled among post-1991 evidence. Inconvenient as that might be, it would avoid the problem that the jury might well have in trying to remember what was and what was not pre-1991 evidence.

As to (3), although it is true that there was no right to a jury trial before November 21, 1991, I do not think that means that the jury cannot consider whether there was a pattern or practice before that date. *Hennessy v. Penril Datacomm. Networks, Inc.*, 69 F.3d 1344 (7th Cir. 1995), says:

> In this case, the adverse employment decision, Hennessy's termination on April 7, 1992, occurred some five months after the 1991 Act to effect. To read *Landgraf (v. USI Film Products*, ___ U.S. ___, 114 S.Ct. 1483 (1994)) as Penril urges would drop an iron curtain on November 21, 1991, shielding from view all evidence before that day. That would be an absurd situation as it would keep from the jury substantial evidence that could aid it in reaching a just verdict. The district court properly held that *Landgraf* did not prohibit the jury from hearing about pre-Act conduct of Penril and its agents which provided context and background regarding Hennessy's termination in April 1992.

*Id.* 1349.

Similarly, to say that the jury should be prohibited from having any evidence that preceded 1991 in determining punitive damages would be "an absurd situation." Pre-Act evidence can be admitted if it provides context and background regarding a claimed pattern-or-practice of tolerating sexual misconduct. Even if I were to conclude that the beginning of the pattern and practice–if it was before November 21, 1991,–had to be decided by me, rather than by a jury, I know no reason why I could not utilize an advisory jury under Rule 39(c) of the Rules of Civil Procedure. *See* § 39.40 Moore's Federal Practice 3rd Edition, although the final decision would be mine.

-2-

As to (4) it is true that there would be considerable resources saved in the preparation and trial if a decision were made now that would draw some lines with respect to the admissibility of evidence of events prior to November 21, 1991.

If a line were drawn at the beginning of the year 1986, that would afford to the plaintiff almost five full years of evidence to show context and background for the plaintiff's post-amendment claim for punitive damages (as well, of course, as compensatory damages in a later phase). That line would ease the difficulty of the defense in garnering evidence to combat older claims and would provide sufficient opportunity for presenting needed context and background by the plaintiff.

The defendant has asked that I specifically rule on certain identified incidents and I have studied the available evidence on them and am prepared to say this much: The incidents set out in the Defendant's Memorandum in Support of this Motion for Reconsideration identified as coming from EEOC's Facts ¶ 20, EEOC's Facts ¶ 32, Dial's Facts ¶¶ 346, 348, EEOC's Facts ¶ 52, EEOC's Facts ¶ 75, EEOC's Facts ¶ 215, EEOC's Facts ¶ 84, Dial's Facts ¶ 477, Dial's Facts ¶ 533, Dial's Facts ¶ 648, EEOC's Facts ¶ 126, EEOC's Facts ¶ 140, EEOC's Facts ¶ 153, EEOC's Facts ¶ 160, and EEOC's Facts ¶ 171 should not be received in evidence, because they predate 1986.

Some of the others are doubtful in that they may not have any feature about them to indicate that the company–its management–ever had any knowledge of them or any reason appeared to indicate the company should have known of them. But that must await further development of the facts.

IT THEREFORE IS ORDERED that the Defendant's Motion for Reconsideration of the Court's Denial of Its Motion *In Limine* to Exclude Evidence of Alleged Harassment Before 1991 and, Alternatively, to Exclude Evidence that is not Relevant Background Evidence, filings 341 and 344, is granted the extent indicated in this memorandum: evidence of matter occurring prior to the beginning of 1986 shall not be received in Phase I or Phase II; and those specific incidents identified in the Defendant's Memorandum in Support of this motion EEOC's Facts ¶ 20, EEOC's Facts ¶ 32, Dial's Facts ¶¶ 346, 348, EEOC's Facts ¶ 52, EEOC's Facts ¶ 75, EEOC's Facts ¶ 215, EEOC's Facts ¶ 84, Dial's Facts ¶ 477, Dial's Facts ¶ 533, Dial's Facts ¶ 648,

EEOC's Facts ¶ 126, EEOC's Facts ¶ 140, EEOC's Facts ¶ 153, EEOC's Facts ¶ 160, and EEOC's Facts ¶ 171 shall not be received in evidence in Phase I or Phase II of the trial; and the motion otherwise is denied.

Dated April 2, 2003.

BY THE COURT

*[signature]*

Warren K. Urbom
United States Senior District Judge