# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3356 | **DATE** | 4/16/2003 |
| **CASE TITLE** | EEOC vs. Dial Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The opinions expressed in Dr. Gutek's report concerning the Sexual Experiences Questionnaire may be received into evidence to rebut the testimony of Dr. Fitzgerald to the extent that Dr. Fitzgerald's testimony is based upon research that employed the Sexual Experiences Questionnaire. The EEOC's motion in limine to bar testimony of Dial's expert Barbara Gutek (Doc 331) is otherwise granted.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 99 C 3356 |
| Plaintiff, | MEMORANDUM AND ORDER ON EEOC'S MOTION *IN LIMINE* TO BAR TESTIMONY OF DIAL'S EXPERT BARBARA GUTEK |
| vs. | |
| DIAL CORPORATION, | |
| Defendant. | |

The plaintiff has moved in limine to bar the testimony of the defendant's expert, Dr. Barbara Gutek, Ph.D., on the ground that Dr. Gutek's expert opinions address evidence that has been ruled inadmissible. For the following reasons, the plaintiff's motion will be granted in part.

## I. STANDARD OF REVIEW

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose the identity any expert witnesses who may be used at trial. See FED. R. CIV. P. 26(a)(2)(A). In addition, the rule requires the production of a written report that sets forth, *inter alia*, "a complete statement of all opinions to be expressed and the basis and reasons therefor." FED. R. CIV. P. 26(a)(2)(B). These rules are meant to "allow[] both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000) (citing FED. R. CIV. P. 26(a)(2) advisory committee's note). Pursuant to Rule 37, "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1). "The sanction of exclusion is 'automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" NutraSweet Company v. X-L Engineering Company, 227 F.3d 776, 785-86 (7th Cir. 2000) (quoting Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir.1996)). However, the district court is given "broad discretion in determining whether a violation [of Rule 26(a)] is justified or harmless." Miksis v. Howard, 106 F.3d 754, 760 (7th Cir. 1997).

1

## II. ANALYSIS

The plaintiff argues that Dr. Gutek must not be allowed to testify at trial because her testimony is limited to the opinions expressed in her Rule 26 report, see FED. R. CIV. P. 26(a)(2)(B) and 37(c)(1), and all of the opinions set forth in that report are no longer relevant. According to the plaintiff, Dr. Gutek's report (see Def.'s Mot. in Limine to Exclude Pl.'s Expert Testimony, Ex. D, "Report of Dr. Barbara A. Gutek" (hereinafter "Gutek Report")) discusses only Dr. Gutek's opinions regarding survey research methodology, and, since I have already determined that the plaintiff's expert, Dr. Fitzgerald, will not be allowed to testify as to her survey, its results, and any conclusions based upon those results (see Mem. and Order on Def.'s Mot. in Limine to Exclude Pl.'s Expert Testimony), the plaintiff claims that "none of the opinions [Dr. Gutek] disclosed [in her report] are admissible." (Pl.'s Mot. in Limine to Bar Testimony of Dial's Expert Barbara Gutek (hereinafter "Pl.'s Mot.") ¶ 3.) The plaintiff also points out that Dr. Fitzgerald will only be allowed to testify regarding her scientific knowledge concerning sexual harassment in work organizations, and argues that Dr. Gutek's report fails to address this topic. (See Pl.'s Mot. ¶¶ 4-7.)

In response, the defendant first acknowledges that it "only plans to call Dr. Gutek if her testimony would be relevant to rebut the testimony of Dr. Fitzgerald." (Def.'s Mem. in Opp'n to EEOC's Mot. in Limine to Bar Testimony of Dial's Expert Barbara Gutek (hereinafter "Def.'s Response") at 1.)[1] Therefore, it appears that since Dr. Fitzgerald will be allowed to testify only about her opinions set forth in section II of her report (see Mem. and Order on Def.'s Mot. in Limine to Exclude Pl.'s Expert Testimony), Dr. Gutek's opinions are now relevant only insofar as they address matters discussed in section II of Fitzgerald's report.

The defendant has not referred me to those portions of Dr. Gutek's report that rebut section II of Fitzgerald's report. Instead, the defendant argues that Dr. Gutek offered certain

---

[1] My reading of Dr. Gutek's report is consistent with the defendant's forthright admission that Dr. Gutek's role is limited to providing testimony to rebut that of Dr. Fitzgerald. For example, Gutek's report opens with the statement, "I was asked to evaluate Dr. Fitzgerald's report including (1) the quality of the research that she considered in her literature review; (2) the survey that was done and (3) the conclusions she has drawn." (Gutek Report at 2.) Although the report suggests that it might contain Dr. Gutek's own evaluation of "Dial's sexual harassment policies and procedures," (id.), this evaluation is largely based upon Dr. Gutek's examination of Dr. Fitzgerald's "Work Environment Survey" and a portion of Dr. Fitzgerald's own report, (see id. at 60-63.) In sum, based upon my reading of Dr. Gutek's report and the defendant's own representation, I find that Dr. Gutek's role in this case is limited to providing an expert analysis of and response to the opinions set forth in Dr. Fitzgerald's report. Indeed, as a direct result of Dr. Gutek's analysis, a large portion of Dr. Fitzgerald's report has already been excluded. (See Mem. and Order on Def.'s Mot. in Limine to Exclude Pl.'s Expert Testimony.) It remains to be determined whether or not Dr. Gutek's report speaks to the section of Dr. Fitzgerald's report that has not been excluded.

2

opinions that are admissible because they extend beyond a mere critique of Dr. Fitzgerald's survey. (See Def.'s Response at 1-2.) Specifically, the defendant claims that, "[i]n her report, Dr. Gutek opines on Dial's sexual harassment policies and procedures, rebuts Dr. Fitzgerald's opinion that Dial's policies and procedures are inadequate, and concludes that Dial's policies and procedures are 'consistent with good policies in other companies.'" (Def.'s Response at 1-2 (citing Gutek Report at 60-63).) The defendant also argues that Dr. Gutek should be allowed to criticize "Dr. Fitzgerald's opinions to the extent they are based on unreliable information derived from interviews with class members and/or a review of class member depositions." (Def.'s Response at 2 (citing Gutek Report at 64-68).) I will examine the portions of Dr. Gutek's report identified by the defendant in order to determine whether or not they are relevant to rebut the admissible portion of Dr. Fitzgerald's report.

On page 60 of her report, Dr. Gutek opined that "[t]he Dial Corporation has done a good job of informing its employees about its sexual harassment policy." (Gutek Report at 60; see also id. at 61 ("In general, the survey results show that Dial has improved substantially in informing employees about its sexual harassment policy and the figures today are higher than I have seen in any other study." (footnote omitted)).) However, this opinion is based upon a "Work Environment Survey" completed by Dial employees, (see id. at 60-61), and I have already ruled that this aspect of Dr. Fitzgerald's report will not be discussed at trial, (see Mem. and Order on Def.'s Mot. in Limine to Exclude Pl.'s Expert Testimony at 14 (holding that "subjects, findings, and opinions developed and expressed in sections I, III, IV, and V of the Expert Report of Louise F. Fitzgerald, PhD, shall not be received into evidence in this case")). Therefore, Dr. Gutek's opinions regarding Dial's efforts to inform its employees of the sexual harassment policy will not be relevant to rebut Dr. Fitzgerald's testimony.

Similarly, it is apparent that the opinions set forth under the subheading, "Effective Policies," which begins on page 62 of Gutek's report, and under the subheading "Conclusions," which appears on page 63 of the report, also merely rebut a section of the Fitzgerald report that will not be received into evidence at trial. (Compare Mem. and Order on Def.'s Mot. in Limine to Exclude Pl.'s Expert Testimony with Gutek Report at 62-63 and Def.'s Mem. of Law in Supp. of Its Mot. in Limine to Exclude Pl.'s Expert Testimony, Ex. A., Fitzgerald Report at section IV.) I am therefore not persuaded that Dr. Gutek should be allowed to testify regarding these opinions.

Finally, on pages 64-68 of her report, Dr. Gutek critiques "other aspects" of Dr. Fitzgerald's report and Dr. Fitzgerald's final conclusions. (Gutek Report at 64; see also id. at 64-68.) Since I have already determined that the "other aspects" of Fitzgerald's report referred to by Dr. Gutek are inadmissible, along with all four of Dr. Fitzgerald's final conclusions, I cannot agree with the defendant that Dr. Gutek should be allowed to testify to the opinions set forth on pages 64-68 of her report. (Compare Mem. and Order on Def.'s Mot. in Limine to Exclude Pl.'s Expert Testimony with Gutek Report at 64-66 and Fitzgerald Report at section IV-V.)

In sum, since the portions of Dr. Gutek's report cited by the defendant in its response memorandum merely rebut portions of Dr. Fitzgerald's report that have already been ruled

3

inadmissible, I find that the subject matter contained within those portions of the report will not be received into evidence at trial. Nevertheless, it seems to me that Dr. Gutek's report does contain certain opinions that are relevant to rebut Dr. Fitzgerald's anticipated testimony. Specifically, I note Dr. Gutek's observation that "[p]art II [of Dr. Fitzgerald's report] is [a] review of the literature, in which she relies mostly on her own research using an instrument called the Sexual Experiences Questionnaire (SEQ) to measure sexual harassment." (Gutek Report at 3-4.) Dr. Gutek then provides a detailed explanation of the reliability problems inherent in the "SEQ," and it is noteworthy that Dr. Gutek's criticisms of the "SEQ" are not limited to the particular version of the "SEQ" that was used to survey the present and former employees at Dial. (See id. at 14-32.) Therefore, to the extent that Dr. Fitzgerald testifies to her scientific knowledge concerning sexual harassment in work organizations *and* to the extent that Dr. Fitzgerald's knowledge is based upon studies that have employed the "SEQ," Dr. Gutek's criticisms of the "SEQ" may be received into evidence.[2]

**IT IS ORDERED** that:

1. the opinions expressed in Dr. Gutek's report concerning the Sexual Experiences Questionnaire may be received into evidence to rebut the testimony of Dr. Fitzgerald to the extent that Dr. Fitzgerald's testimony is based upon research that employed the Sexual Experiences Questionnaire; and

---

[2]Parenthetically, I note that the defendant points out that "[i]n her deposition, Dr. Gutek also discusses Dr. Fitzgerald's summary of scientific knowledge and critiques Dr. Fitzgerald's opinion regarding whether organizational conditions are predictors of sexual harassment." (Def.'s Response at 2 (citing id., Ex. B, Gutek Dep. at 115-117).) The substance of the relevant portion of Dr. Gutek's deposition comprises a discussion of "SEQ" research. (See Gutek Dep. at 116:13-117:22.) While I agree with the plaintiff that the relevant portion of Dr. Gutek's deposition does not replace the "written report" required by Rule 26(a)(2)(B), it seems to me that this deposition testimony is consistent with the opinions set forth in the Gutek Report. (See Gutek Report at 3-4, 14-32.) Testimony such as that appearing on pages 116-117 of Gutek's deposition is of the sort that may be admissible at trial.

4

2.   the EEOC's Motion in Limine to Bar Testimony of Dial's Expert Barbara Gutek, filing 331, is otherwise granted.

Dated April 16, 2003.

BY THE COURT

*/s/ Warren K. Urbom*

Warren K. Urbom
United States Senior District Judge